WESLEY CLEMM *vs.* FRANK MORROW COMPANY.
WESLEY CLEMM *vs.* FRANK MORROW COMPANY.

JULY 28, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

38

PAOLINO, J. These are two original petitions for compensation under the provisions of the workmen's compensation act. They were heard together before the workmen's compensation commission and resulted in an award for the petitioner in each action. The cases are before us on the respondent's appeals from decrees of the full commission affirming the decrees of the trial commissioner.

The petition in the first case alleges an injury to petitioner's left wrist on December 11, 1954 and the petition in the second case alleges an injury to his right wrist on March 20, 1955. Although the circumstances surrounding the manner in which he sustained the injuries differ, the character and extent of the injury are described in each petition as traumatic arthritis of the left and right wrists. Notwithstanding the difference in the manner in which the injuries were received, it appears from the allegations in the petitions and from the evidence that the legal questions presented are substantially the same with respect to each petition. For this reason we shall treat the cases together.

The petitioner was employed by respondent as a foreman of the shearing department in the stock room. He testified that on December 11, 1954 he was struck on the palm of the left hand by a cement-filled iron post. He also testified that at the end of the day's work he went to the Rhode Island Hospital for treatment and that X rays were taken at that time. It also appears from his testimony that on March 20, 1955 his right wrist became pinned between two rolls of brass. He further testified that pain, swelling, and restricted motion followed each of these injuries and that, although he continued to work, he experienced difficulty in doing his work because of continuous pain in his wrists. It appears from the evidence that he continued to work for respondent until May 25, 1958, but that his duties after

the 1954 injury were of a lighter nature. In any event the testimony shows that on May 25, 1958 he was forced to stop working because of the pain in his wrists.

Doctor Stanley Simon testified on behalf of petitioner. Although he had been treating him for a shoulder injury in late 1954 and early 1955, the condition with respect to petitioner's wrists was not brought to his attention until October 22, 1957 when he received from him a history of pain and restricted motion in each wrist. In October 1957 X rays were taken of each wrist. The doctor was also furnished with a report of the X rays of the left wrist which were taken at Rhode Island Hospital in 1954. Doctor Simon concluded that surgery was required on each wrist and on May 25, 1958 petitioner entered the hospital to undergo a fusion of the right wrist.

Doctor Simon testified in substance that in his opinion petitioner, prior to the 1954 and 1955 accidents, was suffering from an underlying osteoarthritis of the wrists which was probably due to the nature of his work; that this condition was aggravated and made symptomatic by such injuries; and that in his opinion there was a causal connection between petitioner's disability of May 25, 1958 and the 1954 and 1955 injuries.

On cross-examination the doctor stated that petitioner's continued employment with respondent further aggravated the condition of both wrists, but that he could not say to what extent. However, with respect to the cause of his disability for work on May 25, 1958, in redirect examination Dr. Simon stated in effect that in the circumstances more emphasis would have to be placed on the 1954 and 1955 injuries than on petitioner's routine activity after such injuries. Under further questioning he stated in substance that the condition of petitioner's wrists as of the date of the hearing might be the same even if he had done no work after the 1954 and 1955 injuries, and that he could not say

that petitioner's work following such injuries aggravated the pre-existing arthritic condition.

Doctor G. Edward Crane testified on behalf of respondent. He examined petitioner in January 1958. His opinions were based on the history given by petitioner and also upon his examination of the 1954 X rays of the left wrist. He agreed with Dr. Simon that there was an underlying arthritic condition in each wrist prior to the 1954 and 1955 accidents, but he stated that in his opinion those injuries did not aggravate the pre-existing arthritic condition; that the hypertrophic changes in the wrist joint between 1954 and 1958 were not due to such injuries; that hypertrophic arthritis is a progressive condition that increases with age; and that he did not know what caused the condition which he found in petitioner's wrist in 1958.

At the request of the trial commissioner an impartial examination was made by Dr. Henry B. Fletcher on September 30, 1958. This examination was confined to the left wrist, since the examination took place following the operation on the right wrist. His report of the examination was admitted in evidence and in substance states that petitioner has established arthritis of major proportions of the left wrist joint; that the arthritic changes cannot be explained on petitioner's history of injury; that the injury sustained by petitioner did not produce the arthritic changes present; and that the question of aggravation of the underlying arthritis could not be determined by him at the time of his examination of petitioner.

The decrees appealed from contain findings that petitioner became incapacitated on May 25, 1958 by reason of the injuries sustained in 1954 and 1955 and that such injuries aggravated a pre-existing arthritic condition. The respondent concedes that the evidence sustained findings that the 1954 and 1955 accidents occurred and that petitioner became incapacitated for work on May 25, 1958. However, respondent contends that the evidence does not sustain the

finding that petitioner became disabled on May 25, 1958 by reason of those injuries.

It appears from respondent's reasons of appeal and from its brief that its principal contention is that the decree is erroneous because it does not contain a finding as to whether or not petitioner's work after June 1, 1955 aggravated his condition. It is well settled in this state that where an incident connected with employment aggravates an existing condition with resulting incapacity for work, an employee is entitled to compensation for such incapacity. *Paplauskas* v. *Reynolds Machinery Co.*, 71 R. I. 297; *Maresca* v. *Lumber Mutual Casualty Ins. Co.*, 82 R. I. 272; *Palmer* v. *Friendly Pharmacy, Inc.*, 84 R. I. 98; *Bishop* v. *Chauvin Spinning Co.*, 85 R. I. 255, 136 A.2d 616.

The respondent does not challenge the rule laid down in the cited cases, but it contends that there is evidence in the record indicating that petitioner's condition was further aggravated by the work which he performed after the 1954 and 1955 injuries. In fact it is respondent's contention that the nature of petitioner's work was such that his condition was aggravated every day he worked up to and including May 25, 1958.

In accordance with such reasoning respondent argues that the date of the compensable injury should have been May 25, 1958, the last day petitioner worked and the day he entered the hospital. In other words, respondent claims that petitioner's work on the last day of his employment is the cause of his incapacity.

The date of injury is important in this case because the insurance carrier which covered respondent in December 1954 and March 1955 did not cover respondent after June 1, 1955. This is in reality a contest between insurance carriers. Under the law in this state respondent is obligated to pay petitioner compensation for his admitted disability regardless of whether such disability was caused by the injuries alleged in the petitions or by his work after June 1,

1955. For this reason serious doubts exist as to whether respondent is an aggrieved person within the meaning of general laws 1956, §28-35-29. However, for our present purposes we shall assume without deciding that respondent is aggrieved by the final decrees of the commission.

In our opinion there is no merit in respondent's contention that the evidence does not sustain the finding that petitioner became disabled on May 25, 1958 by reason of the 1954 and 1955 injuries. Doctor Simon's testimony that the injuries alleged in the petitions aggravated a pre-existing condition resulting in the disability on May 25, 1958 is competent evidence and legally sufficient to sustain such finding. Under the workmen's compensation act this finding is conclusive and cannot be disturbed by this court. *Paplauskas* v. *Reynolds Machinery Co., supra,* at page 301. In *Bishop* v. *Chauvin Spinning Co., supra,* at page 619, the court stated: "* * * if the finding of the commission that petitioner suffered an aggravation of a pre-existing injury * * * is supported by competent evidence, such finding is conclusive and binding upon this court."

Nor is there any merit in respondent's further contention that the commission erred in failing to make a finding whether petitioner's work after June 1, 1955 further aggravated his condition with resulting disability on May 25, 1958. This contention finds no support in the testimony of Dr. Crane or the report of Dr. Fletcher. Although Dr. Crane testified that the injuries alleged in the petition did not aggravate the pre-existing arthritis, he also stated that he did not know what caused the condition which he found in petitioner's wrist in 1958. In his report Dr. Fletcher stated that he could not determine the question of aggravation of the underlying arthritis.

The respondent bases the instant contention on Dr. Simon's testimony that petitioner's continued work after June 1955 further aggravated petitioner's condition. But respondent overlooks Dr. Simon's further testimony that he

could not say that such work aggravated his condition and that it might be the same even if he had done no work after the 1954 and 1955 injuries. The trial commissioner was justified in considering Dr. Simon's testimony as a whole and in concluding therefrom that petitioner's disability was caused by the injuries alleged in the petitions and not by his routine activity at work after such injuries. On the basis of such finding petitioner was entitled to compensation in accordance with the well-established rule in this state. As was said in *Bishop* v. *Chauvin Spinning Co., supra,* at page 619: "To entitle an employee to compensation for the incapacity flowing from an aggravation, it need only be shown that he was suffering from some condition or infirmity which was aggravated or lighted up as a result of his employment."

In the absence of competent evidence that petitioner's work after the injuries alleged in the petitions aggravated his condition, the issue raised by respondent's instant contention is not properly before us. But assuming that there is evidence that such continued work contributed in some degree to the aggravation of the pre-existing arthritis, there is nothing in *Bishop* v. *Chauvin Spinning Co., supra,* which can be interpreted to mean that an employee must allege and prove what the last aggravation was, when it occurred, and the causal connection between it and his incapacity. Nor is there anything in the act to that effect.

On the record before us it is clear that the commission relied on the petitioner's testimony and on the testimony of Dr. Simon. The petitioner has sustained the allegations in both petitions by competent medical evidence as well as by his own testimony. For the reasons stated, the findings in question are conclusive and binding upon this court.

In each case the respondent's appeal is denied and dismissed, the decrees appealed from are affirmed, and each

cause is remanded to the workmen's compensation commission for further proceedings.

*Jordan Tanenbaum,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.