JOHN W. SMITH *vs.* GRINNELL CORPORATION.
JOHN W. SMITH *vs.* GRINNELL CORPORATION.

JANUARY 7, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. These are two petitions for compensation brought by an employee under the provisions of the work-

men's compensation act, the first being a petition to review a preliminary agreement and the second being an original petition. The cases were heard together by a single commissioner, who entered a decree in the first case granting the petition to review and a decree in the second case denying the original petition. An appeal was taken in each case to the full commission which thereafter affirmed both decrees. From such decrees the petitioner and the respondent have appealed to this court.

The nature of the evidence in the consolidated hearings is such that if the decree of the full commission granting the petition to review is affirmed the appeal from the decree in the companion case must be denied and dismissed, since the former precludes the latter. We are of the opinion that the decree of the full commission in the petition for review should be affirmed for the reasons hereinafter considered.

The record discloses that on July 20, 1953 while employed by respondent the petitioner sustained a compensable injury diagnosed as "a myofascial lumbo-sacral strain" resulting in temporary incapacity. A preliminary agreement was entered into and petitioner received compensation until he returned to work on September 28, 1953. Thereafter he was again incapacitated on January 29, 1954 by reason of the injury sustained the previous July. A supplementary agreement was entered into in March 1954, petitioner returned to work on April 5, 1954, and a settlement receipt was signed on the same day.

The petitioner's incapacity returned in March 1955 and on a petition for review a consent decree was entered on August 11, 1955 whereby he was paid compensation from March 22, 1955 to August 8, 1955 when he again returned to work. It appears from petitioner's testimony that following his return to work and until shortly after the first of the year in 1958 he was assigned to various types of light work. For a time he was relief operator on a tractor, later he worked in the stock room, was in charge of receiving lum-

ber which he was not required to handle, and still later he was assigned to taking inventory.

It appears that these various jobs at light work continued until several weeks prior to August 21, 1958, the last day on which petitioner worked for respondent. He was then assigned to ripping out bays or bins and bagging, which he testified required climbing, lifting and bending, and he complained to his foreman that he was experiencing increasing pain in his back, which petitioner attributed to the nature of the work. He testified that the pain in his back began on August 18, but that he made no real issue of the work he was doing until August 21 when the pain made it impossible for him to continue. He stated that he complained to his foreman, but the latter claimed there was no lighter work to which petitioner might be assigned and that if he was unable to do the work he was doing he should go home. The petitioner then went home after consulting Dr. Rosenthal, the plant physician.

The dispensary medical record of petitioner which was kept by respondent was introduced as respondent's exhibit D and contained several significant entries. It discloses that after petitioner returned to work on August 8, 1955 he did not work continuously but was absent on several occasions because of a varying number of illnesses and layoffs. It further discloses that on November 25, 1955 petitioner complained of pains in his back; that on April 24, 1957 he consulted Dr. Rosenthal who stated that petitioner's work was to be guarded against heavy lifting; that after a period of layoff he was rehired on an agreement dated January 14, 1958, stipulating against heavy lifting and calling for work in the stock room; that on June 25, 1958 he was treated by the plant nurse for pain in low mid back, attributed by petitioner to pulling a steel bar out of a rack; and lastly that on August 20 and 21, 1958 he complained to the plant physician of pains in his back.

The notation for August 20 is "Recurrent Lumbo Sacro Strain."

The petitioner was examined by Dr. Henry B. Fletcher on November 14, 1957 and again on August 21, 1958, the last day of his employment. Both examinations were made at the request of respondent. Doctor Fletcher testified that he had examined petitioner on the above dates, but on objection by counsel was not permitted to testify as to his findings. However, respondent's exhibits C and D, which were admitted over objection, disclose that following the November 14, 1957 examination it was Dr. Fletcher's opinion that petitioner had "a splendid functioning back," and that following his examination on August 21, 1958 he was of the opinion that petitioner had a weak back but was not disabled for work.

Doctor Frank D. Fratantuono, petitioner's personal physician, testified that he had examined him on August 25, 1958 and at that time his back showed tenderness over the lumbosacral spine, and that pain was elicited over both sacroiliac regions. He diagnosed the condition as acute lumbosacral strain. It was Dr. Fratantuono's opinion that at the time of his examination petitioner was totally incapacitated, but that by November 26, 1958 he had responded to treatment and should be able to perform some sort of light work. It was his opinion that petitioner had aggravated a low back injury, but he also stated that medically speaking there was very little difference between recurrence and aggravation of a strain.

Doctor Stanley D. Simon, an orthopedic specialist, testified that he examined petitioner on October 1, 1958, and as a result of his examination and the patient's history he diagnosed petitioner's condition as chronic recurrent myofascial back strain. He testified that petitioner's chief complaint, presumably the myofascial back strain, was aggravated by prolonged sitting, bending or lifting. It was the doctor's opinion that when he examined petitioner on

October 1 the latter was capable of light work provided it did not require repeated bending or lifting. It was also his opinion that petitioner's condition was a direct result of the injury occasioned by the work which he was doing on August 21, 1958.

In his decision the single commissioner, after reviewing the evidence on which he relied, found that petitioner did not recover from the injury of July 20, 1953 and that his disability since August 21, 1958 was due to the original injury and not to a new injury. He entered a decree which on appeal was affirmed by the full commission. The commission reviewed the findings of the single commissioner and concluded that there was testimony and inferences drawn therefrom to support the findings of fact in the decree and that such decree was entered in accordance with the law, equity and the fair preponderance of the credible evidence and does substantial justice between the parties.

The respondent duly appealed from the decree of the full commission and assigned as its reasons therefor: "1. The said decree is against the law. 2. The said decree is against the evidence and the weight thereof. 3. The said decree is against the law and the evidence and the weight thereof. 4. The said decree is without legal evidence to support it. 5. The said decree is not based on any legal evidence. 6. The Commission did not make any finding as to 'aggravation'. 7. The Commission misconceived the legal effect of the entries contained in the plant dispensary records."

Counsel for respondent groups reasons 2, 4, 5 and 7 under the single issue of whether there was legal evidence to support the finding "That the petitioner became totally disabled on August 21, 1958, as a result of an injury sustained on July 20, 1953, which injury was the subject of a preliminary agreement between the parties." We shall consider them in like manner.

The respondent contends that on the basis of the testimony of Dr. Fratantuono there could be but one inference,

namely, that there was a new injury or aggravation of a pre-existing back injury occurring in August 1958. It is obvious from a review of the full transcript and an analysis of those portions quoted by respondent in its brief that it relied largely on Dr. Fratantuono's testimony that as to causal connection the incident of August 18, 1958, or thereabouts, aggravated a low back injury. Counsel ignores Dr. Fratantuono's further testimony that medically speaking there is very little difference between recurrence and aggravation of a strain.

The respondent quotes portions of Dr. Simon's testimony to support its contention that as to causal connection the evidence is susceptible of but one conclusion, namely, that the "incident" as described by Dr. Fratantuono, or "injury" as described by Dr. Simon, which occurred on or about August 18, 1958 resulted in a new injury or the aggravation of a pre-existing injury. It is argued that there is nothing in the dispensary records from which the commissioner might reasonably infer that petitioner's incapacity resulted from a recurrence of the injury sustained on July 20, 1953. We do not agree with this contention. We are not concerned with the weight which respondent or this court might give to the evidence and exhibits on which the commissioner relied. We have carefully reviewed the record and from the summary herein recited it is clear that there was legal evidence to justify the findings of the single commissioner. These reasons of appeal are overruled.

The respondent groups reasons of appeal numbered 1 and 6 as constituting a single issue, namely, was the finding in the decree, "That the petitioner became totally disabled on August 21, 1958, as a result of an injury sustained on July 20, 1953, which injury was the subject of a preliminary agreement between the parties," according to law? In support of its argument on this issue, respondent contends that the finding in the decree appealed from is contrary to the doctrine laid down in *Bishop* v. *Chauvin Spinning Co.*,

86 R. I. 435, 136 A.2d 616, and *Clemm* v. *Frank Morrow Co.,* 90 R. I. 37, 153 A.2d 557. The *Bishop* and *Clemm* cases involved petitions for compensation for incapacity resulting from aggravation of a pre-existing injury or condition and in each case the commission found that the disability arose on a certain date. The court held that there was competent evidence to support the findings of the commission and that such findings were conclusive and binding on this court. The commission and the court were not there faced with the question presented here and therefore those cases are of no assistance to respondent.

In the case presently before us the single commissioner was called upon to determine from the record whether or not there was competent, credible evidence from which legal inferences might be drawn to support either one of two petitions or, lacking such evidence, to deny and dismiss both.

It is pertinent to observe that this litigation was influenced if not motivated by the circumstance that respondent had changed insurance carriers, and that the single commissioner, the full commission and this court were in effect asked to determine which of the two carriers involved was on the risk for which respondent was primarily liable. The arguments made by contending counsel for the insurance carriers representing respondent were addressed to the time of the injury and neither made a serious argument that the employee was not entitled to compensation on one of his petitions. The issue is not whether the evidence adduced at the hearing would have more plausibly sustained the granting of the original petition, but whether that evidence was legally competent to support the decision actually made by the single commissioner. We are of the opinion that it was.

Since the third reason of appeal is included in the others, it is also overruled.

In each cause the appeal is denied and dismissed and the decree appealed from its affirmed, and each cause is remanded to the workmen's compensation commission for further proceedings.

*Michaelson & Stanzler, Milton Stanzler,* for petitioner.

*Worrell & Hodge, Lee A. Worrell, and Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for respondent.