Ed CARTER

v.

ITT ROYAL ELECTRIC DIVISION.

No. 83-585-Appeal.

Supreme Court of Rhode Island.
Jan. 16, 1986.

Raul L. Lovett, Lovett Schefrin & Gallogly, Ltd., Providence, for petitioner.

Bernard W. Boyer, Boyer Reynolds & DeMarco, Providence, for respondent.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a decree of the Workers' Compensation Appellate Commission. The appellate tribunal affirmed a trial commissioner's decision that petitioner, Ed Carter (Carter), suffered a loss of earning capacity as a result of a work-related injury. By agreement, the only issue in the case was the length of disability. The trial commissioner awarded benefits for a closed period commencing September 12, 1980, and ending on May 28, 1982. Both parties appeal to this court. We reverse.

The facts as found by the trial commissioner and affirmed by the appellate com-

mission are not in serious dispute. Carter worked for respondent, ITT Royal Electric Division (ITT), as a machine helper. On September 11, 1980, Carter was attempting to move a reel of copper wire. He climbed on top of the reel but fell off, landing in a "squatting position," thereby causing injury to his back. Neither party disputes that Carter did, in fact, injure his back in the course of his employment. However, both Carter and ITT challenge the commission's findings regarding the duration of the disability.

Following his accident, Carter was examined by the company physician on several occasions during a period extending through mid-October. During that time, Carter continued to work but was given light-duty assignments. His back injury became progressively worse, and Carter began treatments with several other physicians, none of whom was successful in affording him relief from discomfort. Thereafter, Carter's deteriorating condition led to his inability to continue working after December 7, 1980. Pursuant to a nonprejudicial agreement, Carter was paid workers' compensation benefits from December 8, 1980, through mid-January 1981.

On cross-examination, Carter revealed that he had been suffering from a form of cancer since 1975. He had been treated by Dr. Michael Goldstein from 1975 through the time he testified at the hearing in 1981. The deposition of Dr. Goldstein was admitted into evidence at the hearing. Doctor Goldstein testified that he was an oncologist and licensed to practice medicine in Massachusetts. He stated that he had been treating Carter since 1975 for malignant lymphoma. Upon examination in August 1980, Dr. Goldstein determined that Carter was in remission. Doctor Goldstein also examined Carter on December 15, 1980, and diagnosed his condition as "acute back strain secondary to whatever he had lifted at work." The doctor's opinion as of December 15, 1980, was that Carter was unable to work and that his pain was causally related to his job.

Doctor Goldstein again examined Carter on February 13, 1981. Carter had complained of being unable to stand and unable to walk. Doctor Goldstein diagnosed Carter's condition as "a paraparesis of his lower extremities" with "a tumor mass blocking his spinal cord at the area of T–10." Carter was hospitalized at Beth Israel Hospital for twenty-five days beginning February 13, 1981. He underwent chemotherapy with Dr. Goldstein and was discharged on March 10. Following an examination on February 1, 1982, Dr. Goldstein diagnosed Carter as still suffering from malignant lymphoma.

At the hearing before the trial commissioner, Dr. Americo A. Savastano, an orthopedic surgeon, also testified in Carter's behalf. Doctor Savastano testified that he first examined Carter on May 28, 1982. He diagnosed Carter's problem as "low back strain with preexisting lymphoma." In his opinion, the low-back problem was the result of the work-related incident of September 11, 1980. Doctor Savastano emphasized in his report that in his opinion, the September 11, 1980 work-related incident was not responsible for the metastasis of the lymphoma. Doctor Savastano was of the opinion that Carter was totally disabled but he also determined that if Carter's lymphoma were not present, his condition would have improved.

The trial commissioner awarded benefits for a closed period beginning September 12, 1980, and ending on May 28, 1982, after which time the trial commissioner determined that Carter was disabled from his unrelated work condition, malignant lymphoma. He noted that the sole issue presented for resolution was the "duration of disability." The trial commissioner determined the testimony of Dr. Savastano to be "most persuasive in determining the time of disability." The trial commissioner also specifically noted that at the time of his work-related injury, Carter was suffering from a preexisting condition, malignant lymphoma. Further, the trial commissioner was convinced that while recovering

from the low-back strain, Carter had a recurrence of malignant lymphoma.

After carefully reviewing the entire record, the appellate commission sustained the findings of the trial commissioner and further noted that "[t]here is an abundance of evidence in this record to sustain the finding that any disability or incapacity that petitioner may have been suffering on and after May 28, 1982 was not work-related." Specifically, the appellate commission relied on that portion of Dr. Savastano's report wherein he states:

"'* * * I am of the impression that if the patient's lymphoma were not present, he conceivably could have been improved and have returned to work by this time; however, the presence of the lymphoma does exist according to the history and is *probably retarding his low back problem strain [sic] from improving * *.'*" (Emphasis added.)

The appellate commission, relying on this evidence in the record, determined "that petitioner's incapacity on and after May 28, 1982 probably flows from and as a result of the effects of his lymphoma, retarding his improvement from his low back strain." The appellate commission further determined that "[a]ny incapacity resulting from the effects of the lymphoma cannot be considered to be compensable as the lymphoma was not work-related or flowing from the effects of the September 11, 1980 injury."

On appeal, Carter contends that the commission erred in determining that his back injury was not compensable after May 28, 1982. ITT claims that the commission erred in determining that Carter's back injury was fully compensable from September 11, 1980, to May 28, 1982.

It is well settled that the duty of this court on appeal is to review the record to determine whether any legally competent evidence exists to support the findings of fact made by the commission. Absent fraud, the factual findings of the commission are binding upon this court if sup-

ported by competent evidence. *See, e.g., Lomba v. Providence Gravure, Inc.,* — R.I. —, —, 465 A.2d 186, 188 (1983); *Bottomley v. Kaiser Aluminum & Chemical Corp.,* — R.I. —, —, 441 A.2d 553, 554–55 (1982); *Coletta v. Leviton Manufacturing Co.,* — R.I. —, —, 437 A.2d 1380, 1383 (1981). This court may, however, review a decree of the commission on the ground that the commission erred on a question of law. *Emmett v. Town of Coventry,* — R.I. —, —, 478 A.2d 571, 572 (1984); *Pallotta v. Foxon Packaging Corp.,* — R.I. —, —, 477 A.2d 82, 84 (1984); *DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. 440, 444, 399 A.2d 1229, 1232 (1979).

■ An examination of the record reveals that Carter, at the time of his work-related injury, was suffering from preexisting lymphoma. Both the trial commissioner and the appellate commission relied on the testimony of Dr. Savastano to establish as a fact that Carter's preexisting lymphoma was retarding the improvement of his low-back strain. This determination was made by the commission after considering the testimony of various physicians called as witnesses by both sides. Even if no conflicting testimony existed on the issue of causation, the full commission was not required to accept testimony that it found lacking in credibility. *Silva v. Matos,* 102 R.I. 437, 230 A.2d 885 (1967). We are of the opinion that the commission's finding relating to Carter's preexisting injury was based on competent evidence and is therefore conclusive and binding upon the court. *Lomba,* — R.I. at —, 465 A.2d at 188, and cases cited.

■ Essentially, the commission determined as a matter of law that although Carter's preexisting malignant lymphoma retarded improvement of his injured back, only the actual employment-related injury was compensable for workers' compensation purposes. Such a determination over-

looks the consistent holding of this court that aggravation of a preexisting condition due to a work-related injury is compensable. *See, e.g., Lomba,* — R.I. at —, 465 A.2d at 188; *Clemm v. Frank Morrow Co.,* 90 R.I. 37, 42, 153 A.2d 557, 559 (1959); *Bishop v. Chauvin Spinning Co.,* 86 R.I. 435, 438, 136 A.2d 616, 618 (1957); *Palmer v. Friendly Pharmacy, Inc.,* 84 R.I. 98, 103, 121 A.2d 665, 668 (1956). This basic doctrine has sometimes been expressed in other jurisdictions as the "employer takes the employee as he finds him." *Harbor Insurance Co. v. Industrial Commission,* 25 Ariz. App. 610, 613, 545 P.2d 458, 461 (1976); *see also Dade Federal Savings & Loan Association v. Smith,* 403 So.2d 995, 998 (Fla.Dist.Ct.App.1981); 1 Larson, *The Law of Workmen's Compensation* § 12.21 at 3–336 to 3–348.32 (1985). In this situation, the employee is not required to show that the original infirmity or disease arose out of or in the course of his employment. He must merely demonstrate that the work-related injury aggravated the preexisting condition. *Lomba,* — R.I. at —, 465 A.2d at 188.

■ The record is replete with evidence that Carter was suffering from a preexisting condition at the time of his employment-related injury and further, that such injury did in fact aggravate the preexisting condition. Consequently, the commission's finding that Carter's preexisting malignant lymphona retarded the healing of his back injury is incompatible with its determination that the malignant lymphoma was a separate, noncompensable condition as of May 28, 1982. Therefore, we find that the commission erred as a matter of law in denying Carter full workers' compensation benefits after May 28, 1982.

The employee's appeal is sustained, the employer's appeal is denied, the decree appealed from is reversed, and the case is remanded to the Workers' Compensation Commission for further proceedings in accordance with this opinion.