Domenic **BUONAUITO**

v.

**OCEAN STATE DAIRY DISTRIBU-TORS, INC., et al.**

**No. 83–542–Appeal.**

Supreme Court of Rhode Island.
May 28, 1986.

Raul L. Lovett, Lovett Schefrin & Gallogly, Ltd., Providence, for petitioner.

Robert K. Argentieri, Carroll, Kelly & Murphy, Mark McKenney, Stephen B. Lang, Higginsd, Cavanagh & Cooney, Providence, for respondents.

OPINION

SHEA, Justice.

These consolidated petitions came before us on appeal from a decree of the Workers' Compensation Commission (commission) denying benefits to Domenic Buonauito (em-

ployee).[1] The trial commissioner ruled that the employee did not meet the threshold requirement of G. L. 1956 (1979 Reenactment) § 28–33–4, which requires that an employee be incapacitated for at least three days from earning full wages to be eligible for benefits. He also found that the employee left work because he had reached retirement age, not because of work-related injuries. We affirm.

The facts found by the trial commissioner and affirmed by the appellate commission were that employee worked for H. P. Hood & Sons, Inc. (Hood), as a route salesperson. His duties involved driving a loaded milk truck to predetermined stops, at which he would deliver milk and other dairy products to customers. On March 27, 1979, while making a delivery, the milk crates he had stacked on the truck tailgate began to slide. He tried to stop the crates from falling by jamming his left foot against the base of the stacked crates. The crates toppled over onto him, causing a tear in the left quadricep muscle and internal injuries to his left knee. He finished his route and did not seek medical attention until the following day.

The employee's testimony about the length of time that he was out of work owing to the injury is contradictory. Initially he testified that he missed two working days and then returned to work at the request of his supervisor so that he could guide a substitute driver through the route. He resumed working the route alone after a few days. Later, he testified that upon reflection he recalled clearly that he had missed at least three days of work because of the injury. The employer's benefits administrator, however, testified that the company's records showed that employee missed only two days of work during the week he was injured. The orthopedic surgeon who rendered treatment also testified

1. These consolidated petitions arise out of a single set of facts. On July 1, 1981, the employee filed an original petition against his employer, H.P. Hood & Sons, Inc., in which he sought compensation benefits for a work-related injury. He also filed a similar petition against the corporate successor to H. P. Hood, Ocean State Dairy Distributors, Inc.

that employee returned to work on the third day following the injury.

The employee claimed that he stopped working in March of 1981 because he was unable to stand the pain he suffered while performing his work. At that time he had attained the age of sixty-two and was eligible for retirement although he said that his intention was to work until he reached age sixty-five. He contends that he was forced into early retirement because his knee and thigh were giving him considerable difficulty. He conceded that although he told his employer he was retiring, he did not mention that his retirement was attributable to his leg injury.

The employee's physician, Dr. Ronald C. Hillegass, testified that he first examined employee on April 18, 1979. The doctor was of the opinion that, taking into consideration the injury and subjective complaints of pain, as well as the physical requirements of his job, he felt that employee was no longer able to perform his regular work at the time of his retirement. He also stated that there was nothing, other than his complaints, that would have required employee to stop working.

John Smith, president of Ocean State Dairy, testified that at the time of the corporate succession employee informed him that he had suffered a work-related injury while working for Hood and that he was going to "get" Hood for his injury. He added that employee was able to perform his duties at the time Ocean State Dairy Distributors, Inc., succeeded Hood. He also said that employee had brought up the subject of retirement, saying that he was going to retire as soon as he became sixty-two years old because it was not worth his while to continue working past that age. When he did stop working, he gave three week's notice, and a retirement party was held in his honor.

The trial commissioner found that employee sustained a work-related injury on March 27, 1979, but suffered no wage loss and returned to work before the statutory three-day incapacity period set out in § 28–33–4 had been met. Furthermore, the trial commissioner concluded that petitioner left his employment in March of 1981 because he had attained the retirement age of sixty-two. The appellate commission found that there was substantial evidence to support the trial commissioner's findings and specifically concurred with the finding that employee did not satisfy the three-day incapacity requirement.

■■ It is well established that on appeal this court will review the record to determine whether any legally competent evidence exists to support the findings of fact made by the commission. Absent fraud, the factual findings of the commission are binding upon this court if supported by competent evidence. *Carter v. ITT Royal Electric Division*, 503 A.2d 122 (R.I. 1986); *Lomba v. Providence Gravure, Inc.*, 465 A.2d 186 (R.I. 1983). This court may, however, review a decree of the commission on the ground that the commission erred on a question of law. *Carter v. ITT Royal Electric Division*, 503 A.2d 122 (R.I. 1986); *Emmett v. Town of Coventry*, 478 A.2d 571 (R.I. 1984).

■ An examination of the record reveals that there was evidence that supported the commission's finding that employee left work because he had reached retirement age and not because of a work-related injury. He admitted that he told his employer that he was leaving because he had reached retirement age, never attributing his departure to a work-related injury. The employer also testified that employee brought up the subject of retirement and said that it was not worthwhile for him to continue to work past age sixty-two. Furthermore, employee's own physician testified that other than employee's subjective complaints, there was nothing that necessitated employee's leaving work. We are of the opinion that the commission's finding that employee left work as a result of his reaching retirement age was based on competent evidence and is therefore conclusive and binding upon the court.

■■ The record also supports the commission's finding that employee failed to meet the three-day incapacity requirement of § 28–33–4.[2] The employee testified that he returned to work after taking two days off following the March 27, 1979 injury. This fact was verified by the company's attendance records. After this initial testimony employee claimed to recall that additional time was lost. Any witness's testimony is subject to evaluation by the trial commissioner, who may reject some or all of the witness's testimony as being unworthy of belief. Such an evaluation is a finding of fact that, if supported by competent evidence, is binding. *Delage v. Imperial Knife Co.*, 121 R. I. 146, 396 A.2d 938 (1979). In this case the commission's finding about employee's period of incapacity is based on competent evidence.

■ The employee argues in the alternative that because the commission found that the three-day incapacity requirement was not met, it had no jurisdiction to rule on his eligibility for benefits. Section 28–33–4, which established the three-day incapacity requirement, is not a jurisdictional statute. It sets forth the threshold requirements that must be met before a work-related injury is compensable. Therefore, employee's failure to satisfy the three-day incapacity requirement does not raise a jurisdictional question but merely establishes that employee failed to prove he was entitled to benefits for disability.

Lastly, employee claims that the commission erred as a matter of law when it failed to find that the payment of medical expenses by Hood, without a memorandum of agreement as set forth in § 28–35–9,[3] constituted an admission that he was entitled to compensation. Section 28–35–9 stated:

"Payment of compensation without agreement. In the event that an employer or insurer makes payment of compensation to an employee without executing a memorandum of agreement such payment shall constitute an admission that the employee is entitled to compensation under the provisions of chapters 29 to 38, inclusive, of this title and such employer or insurer shall not be entitled to any credit for such payment if the employee is awarded compensation in accordance with the provisions of said chapters."

In interpreting this section of the act we have stated that

"the admission created by § 28–35–9 is not conclusive proof of petitioner's entitlement to compensation benefits; it is merely a factor which the trial commissioner must consider and weigh, together with all the other evidence in the case, in determining whether petitioner has sustained his burden of proving his entitlement to benefits under the Act." *Andreozzi v. D'Antuono*, 113 R.I. 155, 159, 319 A.2d 16, 18 (1974).

■ In this case the trial commissioner specifically found that the employee had sustained a personal injury arising out of and in the course of his employment. Although the medical expenses were paid by the employer for this injury, other factors precluded the employee's eligibility for further compensation. The trial commissioner correctly determined that the employee suffered no statutorily compensable disability because he failed to meet the three-day incapacity requirement and also because he left work upon reaching retirement age and not for medical reasons. Therefore, there was no error in denying compensation benefits to the employee.

2. General Laws 1956 (1979 Reenactment) § 28–33–4 states in part:
  "Commencement of compensation. —No compensation except as provided by §§ 28–33–5 to 28–33–12, inclusive, § 28–33–18, and § 28–33–19, shall be paid under chapters 29 to 38, inclusive, of this title for any injury which does not incapacitate the employee for a period of at least three (3) days from earning full wages * * *."

3. Section 28–35–9 has been amended by P.L. 1982, ch. 32, art. 1 § 10, which amendment became effective on September 1, 1982. The amendment does not apply to the present case.

For these reasons, the employee's appeal is denied, the decree appealed from is affirmed, and the papers of this case are remanded to the Workers' Compensation Commission.