Emidio MENDES

v.

ITT ROYAL ELECTRIC.

No. 93–469–M.P.

Supreme Court of Rhode Island.

Oct. 21, 1994.

John A. Toro, Providence, for plaintiff.

Edward P. Sowa, Jr., Gunning, LaFazia & Gnys, Inc., Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on October 5, 1994, pursuant to a petition for certiorari directing the parties to appear and show cause why the issues raised in the petition should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this petition should be summarily decided.

This case began in September of 1985 when Emidio Mendes (Mendes) suffered an aggravation of a lower-back problem while working at ITT Royal Electric (ITT). As a result of this injury Mendes became totally disabled and received workers' compensation benefits. Thereafter, in 1989 ITT brought an employer's petition to review, alleging that Mendes' incapacity for work had ended. In 1990 Mendes filed an employee's petition to review, alleging that ITT "refuse[d] to provide or pay for necessary medical services, etc., as provided by General Laws, 1956, Sec. 28–33–5 and 28–33–8." Specifically, ITT refused to authorize Mendes' admission into the Institute for Behavorial Medicine (the institute). Both petitions were consolidated for hearing before a trial judge in the Workers' Compensation Court in January of 1991.

At trial Mendes presented the testimony of Dr. Paul Bernstein. Doctor Bernstein testified that the program at the institute was necessary to cure, to relieve, or to rehabilitate Mendes from the effects of his work-related injury. The employer presented no evidence to controvert Dr. Bernstein's opinion.

Following a hearing on the petitions, the trial judge found that ITT had failed to prove that Mendes was no longer disabled as a result of his work-related injury. The trial judge further found that Mendes was "premature pursuant to the statute in requesting payment for services which have not yet been rendered to [him]." The trial judge therefore found as a fact that Mendes "failed to prove by a fair preponderance of the credible

evidence that [ITT] * * * refused to provide or pay for necessary medical services, specifically, [refusing] to grant authorization for the employee to be admitted to the Institute for Behavioral Medicine." The trial judge ordered Mendes' petition denied and dismissed, and a decree was entered in June of 1992.

Mendes appealed the trial judge's decree denying and dismissing Mendes' petition to the Workers' Compensation Court's Appellate Division (appellate division). The appellate division affirmed the findings of fact and orders contained in the trial judge's decree on the basis of its decision in *Abella v. Esquire Enterprises, Inc.,* W.C.C. 92–11469 (App. Div.1993).

In *Abella* the appellate division acknowledged that the Workers' Compensation Court has the jurisdiction to determine whether medical services are necessary to cure, to rehabilitate, or to relieve an employee from the effects of a work-related injury prior to the time services are provided. However, the appellate division stated that the Workers' Compensation Court is not required to grant prior approval for necessary medical services. The appellate division concluded that determining whether to grant prior approval rests within the sound discretion of the trial judge and is best reserved for the unusual case involving treatment in an out-of-state facility or in situations in which novel and costly medical procedures are involved.

A final decree was entered by the appellate division, affirming the decree of the trial judge in August of 1993.

Mendes then filed a petition for the issuance of a writ of certiorari, which was granted by this court on March 1, 1994.

Mendes argues that the trial judge erred as a matter of law in denying and dismissing his petition. Mendes asserts that the trial court was presented with uncontroverted testimony that the treatment was necessary to cure, to rehabilitate or to relieve and that, therefore, pursuant to G.L.1956 (1986 Reenactment) § 28–33–5, as amended by P.L. 1990, ch. 332, art. 1, § 3, the petition should have been granted. Mendes further argues that the appellate division's reliance on *Abella* in its decision is contrary to this court's interpretation of § 28–33–5 as pronounced in

*McAree v. Gerber Products Co.,* 115 R.I. 243, 342 A.2d 608 (1975).

The employer argues that the trial judge acted within her discretion in denying Mendes' petition to review. It contends that the statute does not mandate that the Workers' Compensation Court must adjudicate petitions seeking authorization for proposed medical treatment.

In reviewing Mendes' petition, we are guided by the standard articulated in G.L. 1956 (1986 Reenactment) § 28–35–30. This standard requires that we determine whether the appellate division erred on questions of law or equity. *See Buonauito v. Ocean State Dairy Distributors Inc.,* 509 A.2d 988 (R.I. 1986).

As an initial matter, we note that we have reviewed Mendes' petition to review and conclude that in it he was seeking "authorization" to undergo proposed treatment of his work-related injury and *not* "pre-payment" for medical bills for services rendered in the future. On the basis of this distinction, we shall now consider whether the appellate division erred as a matter of law.

Section 28–33–5 provides in pertinent part as follows: "The employer shall, subject to the choice of the employee as provided in § 28–33–8, promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus for such period as is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury; provided, however, that *no fee for major surgery shall be paid, unless permission therefor in writing shall first be obtained from the workers' compensation court,* the employer or the insurance carrier involved, except where compliance herewith may prove fatal or detrimental to the employee." (Emphasis added.)

We interpreted the requirement in § 28–33–5 of prior approval for major surgery as not being exclusive in the sense that it does not prevent any other kind of prior approval, "but merely mandates that, as to 'major surgery,' prior approval must be obtained if the surgeon expects to be paid by the employer

or insurance carrier." *McAree,* 115 R.I. at 248, 342 A.2d at 611. "[T]he proviso acts as a limitation on the employee's right to incur substantial medical expenses before the employer had the opportunity to make an investigation as to the necessity for the surgery." *Id.* This court has consistently stated that the Workers' Compensation Act is to be construed liberally to effectuate its obvious purpose. *Id.*

In this case Mendes was seeking authorization from the court for admission to the institute after ITT refused to give him its authorization. Section 28–35–11 gives the Workers' Compensation Court broad jurisdiction to determine questions arising under the Workers' Compensation Act. It is our belief that the appellate division's practice of not entertaining requests for authorization for medical treatment leads to an unfair result whereby an injured employee is placed in the position of choosing whether to undergo medical treatment without knowing if the employer's insurance carrier will ultimately pay the cost. Indeed, in many instances the provider will not provide the service to the employee without pre-authorization from the insurance carrier. We find such a result against the legislative intent of § 28–33–5 and our holding in *McAree.* Accordingly we hold that in cases in which the parties cannot agree on whether medical treatment is necessary, they may seek a determination by the Workers' Compensation Court. We therefore find that the appellate division erred as a matter of law in affirming the trial judge's dismissal of Mendes' petition to review seeking authorization for admission to the institute pursuant to § 28–33–5.

For the foregoing reasons the petition for certiorari is granted, the final decree of the appellate division is quashed, and the papers of the case are remanded to the Workers' Compensation Court for proceedings consistent with this opinion.